UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH WILLIAM GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00440-JAR |
| | ) |
| CLIFFORD PANKEY et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Keith William Griffin, a self-represented prisoner, brings this civil action against the City of Belle Police Department and three individuals for the alleged theft of his motor vehicles. Doc. 1. He moves for leave to proceed *in forma pauperis*, doc. 2, and for the appointment of counsel, doc. 3. For the reasons set forth below, the Court grants Griffin's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $26.38. Nevertheless, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii) and denies the motion for appointment of counsel as moot.

**I.     Filing fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit,

a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

In support of his motion to proceed *in forma pauperis*, Griffin submitted an account statement reflecting his institutional account activity from November 24, 2024, through April 10, 2025. Doc. 4. Although the statement does not cover the full six-month period preceding the filing of the complaint, the Court will assess an initial partial filing fee based on the information available. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

The account statement reflects total deposits of $593.46 during the approximately four-and-a-half-month period shown. Dividing that amount by 4.5 yields an average monthly deposit of $131.88. Under 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of 20 percent of that amount, or $26.38.

**II.     Background**

Griffin's handwritten complaint is difficult to follow. Liberally construed, it centers on the alleged removal of his vehicles from his residence while he was detained at the Maries County Sheriff's Office.

2

Griffin asserts that, during his detention, Clifford Pankey went to his residence and removed his trucks. Doc. 1 at 9, 26–27. According to the complaint, a responding officer allowed Pankey to do so after a woman at the property claimed to be Griffin's wife. *Id*.

Elsewhere in the complaint, Griffin alleges that a woman named Alexis Griffin assisted with the removal of the vehicles by claiming they were marital property. *Id*. at 19, 23. The complaint does not clarify whether Alexis Griffin is Griffin's wife or whether she was the woman who spoke with the responding officer. Griffin further alleges that Eugene Pankey currently possesses the vehicles because Clifford Pankey is incarcerated. *Id*. at 20, 25.

Griffin names as defendants the City of Belle Police Department, Alexis Griffin, Clifford Pankey, and Eugene Pankey. *Id*. at 1–5. He seeks monetary damages. *Id*.

**III.   Standard**

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

3

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### IV.  Discussion

#### A.  No cognizable federal claim

Liberally construed, Griffin's allegations concern the allegedly wrongful removal of his vehicles from his residence. But 42 U.S.C. § 1983 provides a remedy only for deprivations of rights secured by the Constitution or federal law, and Griffin's complaint does not plausibly

4

identify any such violation. Nor does Griffin allege facts establishing an independent basis for federal subject-matter jurisdiction. The complaint alleges no diversity of citizenship and presents no federal question on its face. Instead, the allegations describe, at most, a dispute sounding in state-law theft or conversion. Because Griffin does not plead facts supporting a plausible federal claim, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     No state action**

Griffin names as defendants Clifford Pankey, Eugene Pankey, and Alexis Griffin. Doc. 1 at 1–5. These defendants appear to be private individuals. Section 1983 requires that the challenged conduct be committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The under-color-of-state-law element "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id*. at 50 (internal quotation omitted). A private party may be deemed a state actor only if he is a willful participant in joint activity with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

Griffin alleges no facts showing that the private defendants acted jointly with law enforcement or otherwise engaged in conduct fairly attributable to the State. Accordingly, he fails to state a claim under § 1983 against those defendants.

**C.     The Police Department is not a suable entity**

Griffin also names the City of Belle Police Department. Doc. 1 at 1–5. But as a subdivision of local government, a police or sheriff's department is generally not a legal entity amenable to suit. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Accordingly, Griffin cannot maintain a claim against the Police Department.

5

    **D.**    **No plausible *Monell* claim**

To the extent Griffin intended to sue a municipal entity based on the responding officer's alleged conduct, the claim still fails. An official-capacity claim against a municipal officer is treated as a claim against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). A municipality is not liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must plead facts showing that a municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise caused the alleged constitutional violation. *Id*. at 694; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Griffin identifies no municipal policy, no widespread and persistent pattern of unconstitutional conduct, and no facts supporting a failure-to-train theory. Accordingly, even if the complaint were construed as asserting a claim against a municipality, it would still be subject to dismissal under § 1915(e)(2)(B)(ii).

**V.**    **Conclusion**

For these reasons, the Court grants Griffin's motion to proceed *in forma pauperis*, assesses an initial partial filing fee of $26.38, and dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Griffin's motion for leave to proceed *in forma pauperis*, doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Griffin must pay an initial partial filing fee of $26.38 **within thirty (30) days** of the date of this Order. Griffin shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

6

**IT IS FURTHER ORDERED** that Griffin's motion for appointment of counsel, doc. 3, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order of Dismissal accompanies this Memorandum and Order.

Dated this 20th day of February, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE